Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
**SCOTT COLE & ASSOCIATES, APC**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone:   (510) 891-9800
Facsimile:    (510) 891-7030
Email: scole@scalaw.com
Email: lvannote@scalaw.com
Web:   www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SCHAEFER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HERSHA HOSPITALITY MANAGEMENT, L.P.,<br><br>Defendant. | **Case No. CV 20-2980-JFW (AFMx)**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**[JURY TRIAL DEMANDED]**<br><br>**Complaint Filed: February 26, 2020**<br>**Removal Date:    March 30, 2020** |

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.     Even beyond the 26.0% of adults who already suffer from asthma, or the 21.2% of adults who suffer from chemical sensitivity/multiple chemical sensitivity, there is rapidly-growing concern of the harmful—often disabling—effects of exposure to fragranced products. For particularly susceptible segments of the population (e.g., persons with autism), the disabling effects have been ***found in over three out of four persons***. Regardless of susceptibility, 53.1% of Americans

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

support fragrance-free policies for workplaces, 60.7% would choose a hotel without fragranced air and nearly everyone is aware of the health problems and annoyance associated with unwelcome fragrances in eating establishments, on airplanes, in hotel rooms and in other places of public accommodation.

2.    During the class period, and despite knowledge of these realities, Courtyard Los Angeles Westside hotel, located in Culver City, California ("Marriott") offered lodging, restaurants and bar service, and pool and exercise facilities to the general public but then flooded its lobby and guest rooms with dangerous fragrance, showering unsuspecting guests/patrons with substances known to cause respiratory problems, headaches, skin irritation, and gastrointestinal, cardiovascular and cognitive problems.

3.    Indeed, 34.7% of Americans report adverse health effects when exposed to fragranced consumer products[1] such as those piped in through Marriott 's HVAC system, and it should come as no surprise: studies show that over 95% of chemicals found in most fragrances derive from petrochemicals including benzene derivatives, aldehydes and phthalates—all of which are highly toxic—the latter being a known endocrine disruptor[2] and the others potential carcinogens. Studies also teach that fragranced products can emit hundreds of different volatile organic compounds (VOCs), some as primary pollutants, and others that react with the ambient air to generate secondary pollutants such as formaldehyde and

[1]    While beyond the scope of damages sought herein, it's worthy to note that numerous sources link fragrances to the onset of asthma symptoms (see, https://www.ewg.org/news-and-analysis/2017/12/avoiding-common-household-asthma-triggers).

[2]    According to one environmental organization, about 75% of all products containing 'fragrance' contain phthalates, which are particularly dangerous for women of childbearing age, with endocrine disruption leading to birth defects or developmental disorders.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  acetaldehyde[3] (both compounds considered potentially toxic or hazardous under

2  federal law as well as California's "Proposition 65" (the Safe Drinking Water and

3  Toxic Enforcement Act of 1986; California Health & Safety Code §§ 25249.5, et

4  seq.).

5      4.    According to one survey, roughly a dozen compounds commonly found

6  in fragrances appear on The Office of Environmental Health Hazard Assessment's

7  Proposition 65 Carcinogens and Reproductive Toxicants list.[4] Another survey

8  revealed that 54 compounds commonly found in fragrances appeared on

9  the California Department of Toxic Substances Control Candidate Chemical List.[5]

10 The United States Environmental Protection Agency has further concluded that

11 some compounds commonly found in fragrances (e.g., synthetic musks) were

12 "toxicologically significant." Synthetic fragrance compounds, in particular, are

13 extremely pervasive, lodging themselves not only in the bloodstream but also in

14 breast milk and fat-storing tissue. When fragrances hit the air, they break down, mix

15 with other pollutants and form new compounds—ones often more irritating and

16 allergenic than the original fragrance.

17     5.    For branding and/or other business purposes calculated to maximize

18 revenue and profitability, Hersha Hospitality Management, L.P. exposed tens of

19 thousands of individuals to these pollutants during the class period, without warning,

20 and without regard to the short term, long term and/or discriminatory impact upon

21 disabled persons of its reckless conduct.

22     6.    This action is brought to redress and end this prolonged pattern of

23 unlawful conduct once and for all. Representative Plaintiff, therefore, brings this

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

---

3  Acetaldehyde, which can be both a primary and secondary emission from air fresheners and air dispersion units, is associated with both acute and chronic hazards to the respiratory system and is classified as a carcinogenic hazardous air pollutant in this nation.

4  https://oehha.ca.gov/proposition-65/proposition-65-list

5  http://www.womensvoices.org/2015/12/10/toxic-chemicals-found-in-fragrance/

1  action on behalf of herself as well as on behalf of California classes of all persons

2  harmed by the toxic doses of fragrance at Courtyard Los Angeles Westside hotel,

3  (through its owner/operator, defendant Hersha Hospitality Management, L.P. at any

4  time during, at least, the "limitations period," as identified below.

5      7.    Representative Plaintiff, on behalf of herself and members of the

6  respective classes (hereinafter "class members" in one or more of the classes

7  identified herein) seeks damages, interest thereon, injunctive and other equitable

8  relief, reasonable attorneys' fees and costs and based on its numerous unfair,

9  unlawful and deceptive business practices, as detailed herein, which run afoul of a

10  multitude of California state laws, including unfair competition laws.

11      8.    Representative Plaintiff asserts that, during the limitations period

12  defined below, Marriott had, and continues to have, a consistent policy of releasing

13  fragrance compounds upon individuals as they enter the Marriott and throughout the

14  building and guest rooms. Indeed, by the time these unsuspecting guests/patrons are

15  aware of the pervasive scents/toxins, it's simply too late; for those with recognized

16  disabilities such as fragrance/chemical/multiple chemical sensitivities, autism, etc.,

17  the fear, apprehension and emotional distress can be intense, not to mention the

18  physiological manifestations predictably attendant to the exposure. Even for those

19  persons lucky enough to not share this level of susceptibility, the exposure remains,

20  at best, an annoyance, an unwanted touching (battery) and/or a disruption to their

21  culinary and other hoped-for experiences at the Marriott. Indeed, the scents/toxins

22  with which Defendants pollute the Marriott entry-way can be detected far across

23  the hotel.

24      9.    For the class allegations, the "limitations" period is designated as the

25  time from February 26, 2016 through trial, based upon the allegation that the

26  violations, as described more fully below, have been ongoing throughout that time.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

10.    Despite actual knowledge of these facts and legal mandates, Defendant has and continues to enjoy an advantage over its competition and a resultant disadvantage to class members.

11.    Representative Plaintiff is informed and believes and, based thereon, alleges that Defendant's officers knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the Representative Plaintiff's and class members' claims for damages and penalties, and for attorneys' fees (under, *inter alia*, California Code of Civil Procedure § 1021.5), and for claims for injunctive relief arising from Defendant's unfair, unlawful and deceptive practices (under California Business & Professions Code § 17200, et seq.).

13.    Venue as to Defendant is proper in this judicial district pursuant to California Code of Civil Procedure § 395(a). Defendant owned and operated a hotel within the County of Los Angeles (where Representative Plaintiff and numerous class members visited), transacted business, had agents, and was otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have and have had a direct effect on Representative Plaintiff and those similarly situated within the State of California and within the County of Los Angeles.

## REPRESENTATIVE PLAINTIFF

14.    Representative Plaintiff Barbara Schaefer is a natural person who visited and/or patronized Courtyard by Marriott Los Angeles Westside hotel and was exposed to and damaged by chemical substances (including carcinogenic and/or

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    other hazardous air pollutants, and particulate matter) as a result of the exposure
2    during the class period.

3    15.    Representative Plaintiff suffers from fragrance and chemical
4    sensitivities and, when exposed to fragrances, is substantially limited in her ability
5    to breathe. Consequently, Representative Plaintiff is "physically disabled," as
6    defined by all applicable California and United States laws, and a member of the
7    public whose rights are protected by these laws.

8    16.    Generally, when Representative Plaintiff (and her fellow class
9    members) are exposed to fragrances, she/they experience symptoms such as
10   respiratory problems, headaches, skin irritation, and gastrointestinal, cardiovascular
11   and cognitive problems. As a result, Representative Plaintiff and many class
12   members seek to avoid certain public areas with fragrances. Representative Plaintiff
13   and many class members will also avoid, in most instances, business establishments
14   where fragrances are used.

15   17.    As used throughout this Complaint, the terms "Plaintiff classes" and/or
16   "class members" refers to the named Plaintiff as well as each and every person
17   eligible for membership in one or more of the sub-classes, as described and defined
18   below.

19   18.    The Plaintiff classes consist of all members who have visited and/or
20   patronized Courtyard Los Angeles Westside hotel and been exposed, in some way,
21   to chemical substances (including carcinogenic and/or other hazardous air
22   pollutants, and particulate matter) as a result of the release of said chemical
23   substances by Defendant.

24   19.    The degree, if any, to which class members were affected by the
25   conduct of Defendant and/or were eligible to recover damages and penalties therefor
26   is subject to further proof and or statistical analysis to be performed at a later stage
27   in the litigation.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

20.    At all times herein relevant, the Representative Plaintiff was and now is a person within each of the classes of persons described and defined herein. The Representative Plaintiff brings this action on behalf of herself and as a class action pursuant to California Code of Civil Procedure §382, on behalf of all persons or entities similarly situated and proximately damaged by the toxic chemical compounds and/or particulate matter discharge described herein.

## **DEFENDANTS**

21.    Defendant Hersha Hospitality Management, L.P. owns and operates the Courtyard Los Angeles Westside hotel located at 6333 Bristol Parkway, Culver City, California 90320.

22.    The Marriott is a facility open to the public, intended for non-residential use, and its operation affects commerce. The Marriott is therefore a public accommodation as defined by applicable state and federal laws.

23.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein mentioned, officers, directors, supervisors, agents and/or employees of some/each of the remaining defendants and/or other business entities organized for the purpose of providing lodging, restaurant and other services to the public.

24.    Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such fictitious names. Representative Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiff's and class members' damages, as herein alleged, were proximately caused thereby.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

-7-

25.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

26.    Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct including, but not necessarily limited to, the following Plaintiff classes:

**The Personal Injury Class:**
All individuals who visited the Courtyard Los Angeles Westside Hotel to attend the "Land Owners Workshop" on September 21, 2019.

**The Injunctive Relief Class:**
All individuals who visited the Courtyard Los Angeles Westside Hotel to attend the "Land Owners Workshop" on September 21, 2019 and seek an order enjoining Defendant, and each of them, from releasing fragrances into the air at the Marriott hotel.

27.    Defendant, its officers, directors, employees and subsidiaries are excluded from each of the Classes.

28.    This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

     a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

believes and, on that basis, alleges that there are sufficient class members to meet the numerosity requirement. Membership in the classes will be determined upon analysis of hotel lodging, restaurant, spa, club, conference room reservation, among other records maintained by Defendant.

b.  <u>Commonality</u>: The Representative Plaintiff and class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual class members, including, but not necessarily limited to:

1)  Whether Defendant breached duties of care;

2)  Whether Defendant acted recklessly and/or willfully;

3)  Whether Defendant, by their misuse of hazardous substances in commercial quantities, are liable for damages and losses arising from the toxic releases;

4)  Whether Defendant's conduct constitutes a battery and, if so, was it welcomed;

5)  Whether Representative Plaintiff and/or class members are entitled to damages for economic injury, property losses, bodily injury, emotional distress, annoyance and/or inconvenience, among other damages and, if so, what is the appropriate means of calculating such monetary damages;

6)  What are the approximate concentrations of those toxic chemicals and amounts of particulate matter to which Representative Plaintiff and/or class members were exposed;

7)  What are the toxicological properties of the various chemical substances described herein and/or of their breakdown products;

8)  Whether Defendant, or any of them, violated California Business and Professions Code §§17200, *et seq*. by engaging in unfair, unlawful and/or fraudulent business practices;

9)  Whether Defendant, or any of them, were unjustly enriched by, *inter alia*, allowing/permitting use of toxic substances in their hotel facilities and/or engaging in practices which engender unfair competition and/or other practices which threaten interstate commerce;

10) Whether injunctive, corrective and/or declaratory relief and/or an accounting is appropriate;

-9-

First Amended Complaint for Damages and Injunctive Relief
Case No. CV 20-2980-JFW (AFMx)

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

c.   Typicality: The Representative Plaintiff's claims are typical of the claims of class members. The Representative Plaintiff and class members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.   Adequacy of Representation: The Representative Plaintiff is an adequate representative of the plaintiff classes in that the Representative Plaintiff's claims are typical of those of class members and the Representative Plaintiff has the same interest in the litigation of this case as other class members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to class members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.   Superiority of Class Action: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for class members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## TOLLING OF THE STATUTE OF LIMITATIONS

**Fraudulent Concealment Tolling**

29.   All applicable statutes of limitations have also been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged herein throughout the time period relevant to this action.

30.   Instead of disclosing the toxic character of its hotel's common areas, or of its disregard in various other respects of federal and state law, Defendant falsely

represented that its practices complied with federal and state standards governing the hotel and restaurant industry and fair competition within interstate commerce, generally, and that it was a reputable business whose representations could be trusted.

31.    For all these reasons, all applicable statutes of limitations have been tolled by operation of the Fraudulent Concealment rule.

## COMMON FACTUAL ALLEGATIONS

### The Nature and Harm of Fragrances

32.    Contrary to popular belief, most exposure to hazardous pollutants that affect human health and well-being occurs indoors. A primary source of these indoor pollutants and exposures is fragranced consumer products.

33.    A "fragranced consumer product" (or "fragranced product") is a product that contains an added fragrance or that is largely comprised of fragrance. A single "fragrance" in a product may be a complex mixture of dozens of volatile compounds, most of which being derived from petrochemicals.

34.    Although waning in popularity in many contexts/environments, fragrances are still oft-used in hotels to mask odors such as mold smells (occasionally, even the mold buildup in the HVAC ductwork itself) and to promote a signature scent.

35.    However, fragranced products emit hundreds of volatile organic compounds (VOCs) including asthmagens and hazardous air pollutants. Indeed, in analyses of fragranced products, using gas chromatography/mass spectrometry, the most commonly emitted compounds were toxic chiral terpenes (e.g., limonene, alpha-pinene, and beta-pinene). Comparing emissions from fragranced and fragrance-free versions of the same products proves this; chiral terpenes are detected in fragranced versions but not in fragrance-free versions. In addition to being

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

First Amended Complaint for Damages and Injunctive Relief
Case No. CV 20-2980-JFW (AFMx)

primary pollutants, these terpenes react with ozone in the ambient air to generate secondary hazardous pollutants such as formaldehyde.

36.    Fragrance is a known respiratory irritant and neurological toxin and one in five people in the United States experience adverse health effects from synthetic fragrance exposure. The problem with fragrance products is not the scent itself but the properties of synthetic chemicals from which they are derived such as petroleum or coal tar. Almost one-third of the chemical additives used in perfume are known to be toxic—not a surprise since, over the past 50 years, 80-90% of fragrances have been synthesized from petroleum.

**Everyone is Susceptible to Harm from Unwelcome Fragrances**

37.    Various multi-nation studies have examined the prevalence of fragrance sensitivity and the results are staggering:

- 26.0% of adults are asthmatic and, according to at least one study, 57.8% of them reported adverse health effects from exposure to fragranced products, and 24.1% reported being further disabled (e.g., lost workdays and/or a job) thereby.[6] 31.6% of this sub-population report that they want to leave a business as quickly as possible after entering it if they smell air fresheners or a fragranced product, and 32.9% of them have been prevented from going someplace because they predict they would be exposed to a fragranced product that would make them sick;

- 21.2% of adults suffer from Chemical Sensitivity[7] and/or Multiple Chemical Sensitivity ("MSC"). According to at least one study, 81.3% of this vulnerable sub-population reported adverse health effects from exposure to

---

[6]    https://www.law.cornell.edu/uscode/text/42/12102https://doi.org/10.1007/s1 1869-019-00693-w

[7]    Chemical sensitivity is a medical condition characterized by adverse health effects from exposure to common chemical pollutants and products.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

fragranced products. Results also found that 28.6% of individuals with Chemical Sensitivity have lost workdays or a job, in the past year, due to exposure to fragranced products in the workplace;[8]

- 32.2% of adults suffer from Fragrance Sensitivity[9] with or without an asthma diagnosis;

- 4.5% of the population suffer from Autism/ASDs, of which 60.6% also report suffering from Chemical Sensitivity and 75.8% from Fragrance Sensitivity;

- Asthma, Chemical Sensitivity, and Multiple Chemical Sensitivity are considered disabilities for purposes of the Americans with Disabilities Act.[10]

38. Exposure to fragrances can cause such symptoms as (a) migraine headaches, (b) asthma attacks, (c) neurological problems (e.g., dizziness, seizures, head pain, fainting, loss of coordination), (d) respiratory problems (e.g., difficulty breathing, coughing, shortness of breath), (e) skin problems (e.g., rashes, hives, red skin, tingling skin, dermatitis),[11] (f) cognitive problems (e.g., difficulties thinking, concentrating, confusion or remembering), (g) mucosal symptoms (e.g., watery or red eyes, nasal congestion, sneezing), (h) immune system problems (e.g., swollen lymph glands, fever, fatigue), (i) gastrointestinal problems (e.g., nausea, bloating, cramping, diarrhea), (j) cardiovascular problems (e.g., fast or irregular heartbeat,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

---

[8] https://link.springer.com/article/10.1007/s11869-019-00672-1

[9] "Fragrance sensitivity" is a health condition characterized by adverse effects from exposure to fragranced consumer products.

[10] 42 U.S. Code § 12102 (https://www.law.cornell.edu/uscode/text/42/12102)

[11] According to the American Academy of Dermatology (AAD), fragrances are considered the leading cause of cosmetic contact dermatitis (https://www.webmd.com/allergies/features/fragrance-allergies-a-sensory-assault#1). As a health problem, fragrance sensitivity affects millions of people, and studies suggest that sensitivity is on the rise. Moreover, fragrances were named "allergen of the year" for 2007 by the American Contact Dermatitis Society.

First Amended Complaint for Damages and Injunctive Relief
Case No. CV 20-2980-JFW (AFMx)

jitteriness, chest discomfort), and (k) musculoskeletal problems (e.g., muscle or joint pain, cramps, weakness).[12]

39.    Even for persons not experiencing noticeable physical reactions to fragrance inhalation/contact, Marriott's guests/patrons experience an annoyance and an unwanted touching (a.k.a., a battery) from Defendants' fragranced compounds/particulates, emotional distress, and loss of smell and taste (these latter effects being particularly frustrating for those class members visiting and hoping to enjoy Defendant's restaurant facilities).

**Organizational Reactions to Fragrances**

40.    While still prevalent in some workplaces, restaurants, hotels and other public accommodations, many organizations and governmental agencies are and have taken bold steps toward eradicating toxic fragrances in their own workplaces, some even offering guidance to other entities regarding how to follow suit.

41.    For example, the United States Department of Health & Human Services issued an Indoor Environmental Quality Policy prohibiting fragranced products and fragrance-emitting devices in all interior space owned, rented, or leased by the Centers for Disease Control and Prevention nationwide. As that policy explains,

> "[v]olatile organic compounds (VOCs) are certain organic chemicals that are emitted as gases, often having short- and long-term adverse health effects (see definition in 40 C.F.R. 51.100 (s)). To the fullest **extent** feasible, products (such as fragrances) emitting VOCs are prohibited at all times in all interior space owned, rented, or leased by CDC. Moreover, fragranced products and fragrance-emitting devices of any kind are prohibited at all times in all interior space owned, rented, or leased by CDC. Fragrance is not appropriate for a professional work environment, and the use of some products with fragrance may be detrimental to the health of workers with chemical sensitivities, allergies, asthma, and chronic headaches/migraines."[13]

---

[12] https://link.springer.com/article/10.1007%2Fs11869-017-0536-2
[13] https://www.chemicalsensitivityfoundation.org/pdf/CDC-2009-Indoor-Environmental-Quality-internal-policy542.pdf

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

42.    Similarly, other governmental[14] and private entities, both within the United States and abroad, with high subject matter expertise on the topic have increasing condemned fragrance use in the workplace and/or strongly advocated against it, recognizing the need to adopt clean, fragrance-free environments for citizens and workers. [15]

**Defendants' Knowing Operation of an Unsafe Facility**

43.    Defendant's release of harmful compounds upon the unsuspecting public was hardly an accident. Hotels like that operated by Defendant generally maintain elaborate HVAC systems, designed to maintain optimal environmental conditions for guests/patrons. For those facilities wanting to integrate fragrance into those systems, a number of commercial scent dispersion machines ("SDMs") are

---

[14]    Representative Plaintiff reserves the right to amend this Complaint to allege a violation of California Health & Safety Code §§10895, et seq. (a.k.a., the Cleaning Product Right to Know Act of 2017), to the extent that further discovery reveals the fragranced products released by Defendants constitute "Air care product(s)" (§108952(a)). Representative Plaintiff further reserves the right to amend this Complaint to allege a violation of the Safe Drinking Water and Toxic Enforcement Act of 1986 (California Health & Safety Code §§ 25249.5, et seq.), a.k.a., "Proposition 65."

[15]    American Lung Association (Sample Fragrance Free Policy for employers at http://action.lung.org/site/DocServer/fragrance-free-workplace.pdf); a keyword search for "fragrance" on the Job Accommodation Network (JAN) of the Office of Disability Employment Policy yields no fewer than 130 articles on the topic, most of which discussing how to eradicate fragrances from the workplace and using fragrance-free policies as a disability accommodation; see also, discussion of problems with fragrance exposures in the workplace (National Institute of Occupational Safety and Health (NIOSH, at https://www.cdc.gov/niosh/topics/indoorenv/ChemicalsOdors.html); Canadian Centre for Occupational Health & Safety statement re: fragrance-free workplaces (https://www.ccohs.ca/oshanswers/hsprograms/scent_free.html); Massachusetts Nurses Association fragrance free policy sheet (https://www.massnurses.org/health-and-safety/articles/chemical-exposures/p/openItem/1346); see, generally, Environmental Health Network (http://ehnca.org/) for references to other fragrance free workplace policies.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

available to produce a particular (sometimes even "signature") scent— which promise to enhance the guest experience. Some of these devices are depicted here:



44.    The manufacturers of SDMs and/or their partner organizations produce air supply tubes (depicted below) containing concentrated fragrance for use with SDMs. Assisted by the particular facility's HVAC system, SDMs and air supply tubes deliver a steady stream of toxic compound to pre-selected zones within the facility.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-16-
First Amended Complaint for Damages and Injunctive Relief
Case No. CV 20-2980-JFW (AFMx)

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

45.     At the Marriott, the Defendant aims these toxic compounds directly at guests/patrons as they walk through the Marriott's front door, and in the guest rooms. A rudimentary depiction of the process is shown here:



46.     Vis-à-vis this equipment and process, guests/patrons can be assured a dose of toxins marketed (albeit, ironically) to enhance their hotel experience, but likely to cause skin, respiratory, gastrointestinal, cognitive and other harm.

47.     When used in hotels like the Courtyard Los Angeles Westside hotel, the above-depicted equipment and process is often utilized to mask odors such as mold smells (occasionally, even the mold buildup in the HVAC ductwork itself) and to promote a signature scent.

48.     Although there is available a multitude of pre-designed/generic scents offered in the form of fragrances, many of the scents are customized for specific

clients to enhance their branding, a few of these commissioned aromas being depicted here:


24K Magic
Inspired by: The W ® Hotel
This fragrance has a citrus beginning of bergamot, lemon and lemongrass. The fragrance develops into a floral bouquet of magnol...

BUY NOW


Across The Universe
Step into a crisp, clean world as the therapeutic scent of eucalyptus clears your mind and awakens your space while you bask in...

BUY NOW


Adore
This alluring scent comprised of luxurious white tea which is complemented by delicate white flower notes of jasmine, peony wit...

BUY NOW

49.    And yet, while fragrances like these are widely-touted as tools for enhancing guest experience and maximizing corporate profitability, the public—largely—does not want fragrances in its workplaces, in hotels, on airplanes and in other closed areas.[16] As a result, the injunctive relief sought herein, while primarily sought to protect class members and future guests/patrons of Defendant's business establishment, it satisfies a desire that most people already possess.

50.    Indeed, during the class period, Defendant has received complaints from class members regarding Defendant's use of fragrance, including their health effects on class members. Thus, throughout the limitations period, Defendant knew or had reason to know of the dangerous conditions they were creating and foisting

_____

[16] 53.1% of Americans supportive of fragrance-free policies for workplaces, a number that rises to over 70% for persons with chemical sensitivity. Among the general population (groups studied in the United States, Australia, United Kingdom and Sweden), if given a choice between staying in a hotel with or without fragranced air, 60.7% would choose a hotel without fragranced air.

(https://www.sciencedirect.com/science/article/pii/S0360132319302148?via%3Dihub#sec7)

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    upon class members—and of the heightened risks naturally attendant to such a

2    condition, including the foreseeable risk of emotional and physical harm to class

3    members.

4    **FIRST CAUSE OF ACTION**

5    **NEGLIGENCE**

6    51.    Representative Plaintiff incorporates in this cause of action each and

7    every allegation of the preceding paragraphs, with the same force and effect as

8    though fully set forth herein.

9    52.    At all times herein relevant, Defendant owed a duty of care to

10    Representative Plaintiff and class members to act with reasonable care so as not to

11    put their health and safety in jeopardy, and not cause them fear, apprehension,

12    emotional distress and/or annoyance.

13    53.    Defendant did breach its general duty of care to Representative Plaintiff

14    and class members in, but not necessarily limited to, the following ways:

15       a. in failing to adequately warn Representative Plaintiff and class

16          members of the dangers of releasing compounds known to cause

17          annoyance, emotional distress and/or short- or long-term physical damage;

18       b. in intentionally releasing dangerous quantities of toxic chemical

19          compounds known to cause severe health effects to humans and animals from their facility(ies), for profit;

20       c. in failing to exercise reasonable care following complaints made

21          by members of the general public about these noxious compounds and/or their detrimental effects; and/or

22       d. in failing to comply with applicable industry standards, internal

23          safety rules, and state and federal safety laws, rules, regulations and standards.

24    54.    Representative Plaintiff is informed and believes and, based thereon,

25    alleges that each Defendant's breaches of their respective duties of care were

26    substantial factors, as set forth above, in causing Representative Plaintiff's and class

27    members' harm.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

55. As a direct and proximate result of the above-described willful and unlawful conduct of Defendant Representative Plaintiff and class members sustained damages, as set forth in this Complaint.

## SECOND CAUSE OF ACTION
## AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. §12182)

56. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

57. Title III of the Americans with Disabilities Act ("ADA") holds, as a "general rule," that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

58. As detailed above, the sensitivities of Representative Plaintiff and class members to fragrances substantially limits one or more major life activities (e.g., breathing, concentration), as listed in 29 C.F.R. § 1630.2(i). When Representative Plaintiff and class members are exposed to fragrances, she/they experience symptoms such as migraine headaches, nausea, chest tightness, coughing, loss of voice, a scratchy throat, rhinitis and trouble concentrating. Representative Plaintiff and class members, as a result, avoid certain public areas and cannot sit in proximity to others wearing fragrances.

59. 42 U.S. Code § 12102(4)(D) provides that "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." Furthermore, 42 U.S. Code § 12102(3)(i) provides that: "[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as— (I) medication, medical supplies... ."

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

60.    Defendant discriminated against Representative Plaintiff and class members by denying them "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Marriott during each visit and each incident of deterrence.

Failure to Make an Altered Facility Accessible

61.    Representative Plaintiff alleges on information and belief that the Marriott was modified after January 26, 1993, independently triggering access requirements under the ADA.

62.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible.

63.    Here, Defendant altered the Marriott in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Representative Plaintiff and class members—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

64.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

65.    Here, Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Marriott, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

Failure to Maintain Accessible Features

66.    Defendant additionally violated the ADA by failing to maintain in operable working condition those features of the Marriott that are required to be readily accessible to and usable by persons with disabilities.

67.    Such failure by Defendant to maintain the Marriott in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

68.    As a direct and proximate result of the above-described willful and unlawful conduct of Defendant, Representative Plaintiff and class members sustained damages, as set forth in this Complaint. Representative Plaintiff and class members thus seek all relief available under the ADA (i.e., injunctive relief, attorneys' fees and costs) for these aforementioned violations. 42 U.S.C. § 12205.

## THIRD CAUSE OF ACTION
## UNRUH CIVIC RIGHTS ACT
### (CIV. CODE §§ 51, 52)

69.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

70.    California Civil Code § 51 states, in part, that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their [disability, medical condition, et al.] are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

71.    Furthermore, California Civil Code § 51.5 states, in part, that "[n]o business establishment of any kind whatsoever shall discriminate against… any person in this state on account of any [disability, medical condition, et al.]."

72.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

73.    Defendant's aforementioned acts and omissions denied the physically disabled public—including Representative Plaintiff and class members—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

74.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Representative Plaintiff and class members in violation of the Unruh Act.

75.    Representative Plaintiff and class members were damaged by Defendant's wrongful conduct and seek statutory minimum damages of $4,000 for each offense.

76.    Representative Plaintiff and class members also seek to enjoin Defendant from violating the Unruh Act (and ADA), and to recover reasonable attorneys' fees and costs, pursuant to California Civil Code § 52(a).

**FOURTH CAUSE OF ACTION**
**DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
**(HEALTH AND SAFETY CODE § 19955(A))**

77.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

78.    The express purpose of California Health and Safety Code § 19955(a) is to: "insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of [Government Code § 4450, et seq.]" As § 19955(a) further explains, the definition of "public accommodation or facilities" includes hotels like the Courtyard Los Angeles Westside hotel.

79.    Government Code § 4450 explains that "[buildings constructed with public funds] be accessible to and usable by persons with disabilities." California Health and Safety Code § 19955(a), therefore, extends that mandate to privately-funded building projects.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-23-

80.    Moreover, California Health and Safety Code § 19959 states, in part, that "[e]very existing (nonexempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter."

81.    Representative Plaintiff alleges the Marriott is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both). Marriott was, at no time, exempt under Health and Safety Code § 19956.

82.    Defendant's non-compliance with these requirements at the Marriott aggrieved (or potentially aggrieved) Representative Plaintiff and class members with physical disabilities. Accordingly, Representative Plaintiff and class members seek injunctive relief and attorneys' fees, pursuant to Health and Safety Code § 19953.

### FIFTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
### (BUS. & PROF CODE §§ 17200-17208)

83.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

84.    Representative Plaintiff brings this cause of action on her own behalf and on behalf of class members as well as the general public seeking equitable and statutory relief to stop the misconduct and halt and/or minimize any future toxic chemical and/or particulate matter releases by Defendants, and seeking injunctive relief from Defendant based on the unfair, unlawful and deceptive business practices described herein.

85.    The knowing conduct of Marriott, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208. Specifically, Marriott conducted business activities while failing to comply with the legal mandates cited herein. Such

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-24-

First Amended Complaint for Damages and Injunctive Relief
Case No. CV 20-2980-JFW (AFMx)

violations include, but are not necessarily limited to, releasing toxic compounds for the purpose of enhancing Marriott's branding and perceived guest/patron satisfaction, but without sufficient regard for these individuals' health and welfare.

86.    Moreover, in engaging in these unlawful business practices, Marriott has enjoyed an advantage over its competition and a resultant disadvantage to the public and class members.

87.    Marriott's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Marriott's competitors, engenders an unfair competitive advantage for Marriott, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

88.    Representative Plaintiff and class members request that this Court enter such orders or judgments as may be necessary to enjoin Marriott from continuing its unfair, unlawful, and/or deceptive practices.

89.    Beginning at an exact date unknown to Representative Plaintiff, Defendant committed the acts set forth herein and proscribed by Business and Professions Code § 17200, *et seq.*, by engaging in unfair, unlawful and deceptive business practices which have resulted in the release of various unhealthful chemical substances into the air onto and/or in close proximity to Representative Plaintiff and class members.

90.    In light of such incidents, Representative Plaintiff is informed and believes, and thereon alleges, that Defendant has repeatedly released toxic chemicals at the Marriott— substances that have subsequently impacted members of the public to their detriment. Representative Plaintiff is informed and believes, and thereon alleges, that these releases are directly attributable to Defendant's pattern and practice of noncompliance with the various applicable health and safety laws, regulations, rules, and safety standards governing Defendant's handling and control of such chemical substances. Representative Plaintiff is informed and believes, and

First Amended Complaint for Damages and Injunctive Relief
Case No. CV 20-2980-JFW (AFMx)

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

thereon alleges, that Defendant has obtained profits from this business pattern and practice, and that Defendant has obtained an unfair advantage by failing to incur the costs of compliance that are, or should be, incurred by Defendant's competitors.

91.     Defendant's violations of 42 U.S.C. §§ 12182 and 12183, California Civil Code §§ 51 and 51.5, California Health and Safety Code § 19955, 25249.6, et seq. constitute unlawful and/or fraudulent business practices, as set forth in California Business & Professions Code Sections 17200, et seq.

92.     Public policy mandates that a certain level of corrective/preventative actions must be adopted by handlers of hazardous materials/chemicals in order to protect the health and safety of the public and the environment.

93.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the injuries to Representative Plaintiff and class members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

94.     As a direct and proximate result of the above-described willful and unlawful conduct of Defendant, Representative Plaintiff and class members request (a) a judicial determination and declaration of the rights of Representative Plaintiff and class members, and the responsibilities of Defendant, with respect to the damages and injuries caused by the release of chemicals described above; (b) a court order requiring Defendant to remove and forever discontinue use of toxic fragrances at the Marriott and all related facilities so as to prevent future toxic releases.

### **RELIEF SOUGHT**

**WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed Plaintiff classes, prays for judgment and the following specific relief against Defendant as follows:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1.     That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Classes and/or any other appropriate subclasses under California Code of Civil Procedure § 382;

2.     For compensatory and other damages, including, without limitation, damages for medical and related expenses, lost wages, emotional distress, and/or special damages according to proof of each cause action for which such damages are available;

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.     For injunctive relief, including but not necessarily limited to, an Order (a) requiring Defendant to implement appropriate and sufficient safety procedures, to halt release of toxic substances from its Marriott hotel facility and (b) enjoining Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, *et seq*.;

5.     Penalties and attorneys' fees pursuant to Business and Professions Code §17200, *et seq*.;

6.     For reasonable attorneys' fees, pursuant to California Civil Code §1021.5, California Government Code § 12965(b), on each cause of action for which such attorneys' fees are available.

7.     For Interest on the amount of any and all economic losses, at the prevailing legal rate;

8.     For Costs of suit and any and all such other relief as the Court deems just and proper.

## **JURY DEMAND**

Representative Plaintiff and class members hereby demand trial by jury on all issues triable of right by jury.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1
2      Dated: May 22, 2020                        **SCOTT COLE & ASSOCIATES, APC**
3
4                                        By:   */s/ Laura Van Note*_____
                                               Laura Grace Van Note, Esq.
5                                              Attorneys for Representative Plaintiff
                                               and the Plaintiff Classes
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

-28-
First Amended Complaint for Damages and Injunctive Relief
Case No. CV 20-2980-JFW (AFMx)